FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 04, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAMES LEE CROOKER,<br><br>Defendant. | NO: 1:16-CR-2055-RMP<br><br>ORDER DENYING DEFENDANT'S MOTION FOR RELEASE FROM CUSTODY |

BEFORE THE COURT is Defendant James Lee Crooker's Motion for Release from Custody, ECF No. 113. Defendant asks the Court to release him from federal custody pending the resolution of his habeas proceedings or any newly-filed charges. *Id.* The Court has considered the parties' briefing and the record, and is fully informed.

## BACKGROUND

Defendant is in federal custody because he previously pleaded guilty to one count of Production of Child Pornography in violation of 18 U.S.C. § 2251(a).

ORDER DENYING DEFENDANT'S MOTION FOR RELEASE FROM CUSTODY ~ 1

ECF Nos. 52 (order accepting guilty plea) and 71 (judgment). He was sentenced to 15 years in prison and 10 years of supervised release. ECF No. 71.

On February 12, 2018, Defendant filed a *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. ECF No. 78. After the Court appointed Defendant counsel, ECF No. 92, Defendant filed an amended motion to vacate, set aside, or correct his sentence. ECF Nos. 100 (motion) and 101 (memorandum in support). Defendant argued that he was actually innocent of Production of Child Pornography and that he received ineffective assistance of counsel when he pleaded guilty. ECF No. 101.

On January 31, 2019, the Court granted Defendant's motion. ECF No. 108. The Court found that Defendant was actually innocent and that he received ineffective assistance of counsel. *Id.* The Court ordered that Defendant's judgment be vacated and that his guilty plea be withdrawn. *Id.* Thereafter, the Government filed a motion to reconsider the Court's order granting Defendant's motion. ECF No. 110. The Court set a briefing schedule for the Government's motion and noted a hearing date of March 18, 2019, without oral argument. ECF No. 114. The Government's motion is still pending before the Court.

On February 15, 2019, Defendant filed the present motion for release from custody. ECF No. 113. Defendant argues that good cause exists to release him because he has already been adjudged factually innocent by this Court and that he is likely to succeed on the merits. *Id.*

ORDER DENYING DEFENDANT'S MOTION FOR RELEASE FROM CUSTODY ~ 2

# DISCUSSION

The procedural posture in this case causes the issue of Defendant's release to fall within an area of uncertainty. The Government's pending motion for reconsideration of the Court's order granting Defendant's section 2255 motion could mean that Defendant's petition is not yet finalized. However, because the Court already has ruled in Defendant's favor on the section 2255 motion, and because the standard of review for a motion to reconsider is deferential to the Court's original decision, the rules for a pre-trial release may apply to the present motion.

Regardless of which standard is used in this case, the Court finds that Defendant is not entitled to release from custody at this time.

### *Release Pending Decision on Habeas Petition*

A prisoner's petition for release from custody pending disposition of a section 2255 petition is not explicitly discussed in the federal rules or statutes. Federal Rule of Criminal Procedure 46, which normally governs decisions on release from custody, is only applicable in "criminal proceedings," and motions under section 2255 are treated as civil actions. Fed. R. Crim. P. 46; *see also* Fed. R. Crim. P. 1 ("These rules govern the procedure in all criminal proceedings . . . ."). The Bail Reform Act is silent on procedures governing release or detention of a defendant pending a decision on a habeas petition. *See* 18 U.S.C. §§ 3141–3156.

ORDER DENYING DEFENDANT'S MOTION FOR RELEASE FROM CUSTODY ~ 3

Despite a lack of directives from federal rules or statutes, some circuit courts have held that district courts possess the authority to conditionally release a habeas petitioner pending a decision on the merits of the petition. *See, e.g.*, *Mapp v. Reno*, 241 F.3d 221, 226 (2d Cir. 2001) ("[F]ederal courts have inherent authority to admit to bail individuals properly within their jurisdiction."). However, the Ninth Circuit has yet to decide the question. *United States v. McCandless*, 841 F.3d 819, 822 (9th Cir. 2016). But the Ninth Circuit has recognized that if district courts do have the authority to release prisoners with a pending habeas petition, that authority is reserved for "extraordinary cases involving special circumstances or a high probability of success." *Land v. Deeds*, 878 F.2d 318, 318 (9th Cir. 1989). Some district courts interpreting *Land* have found that both special circumstances and a high probability of success on the merits should be met before granting bail on a pending habeas petition. *See United States v. Carter*, Cr. No. 07-00150 JMS (01), 2016 WL 2992054, at *4 (D. Haw. May 23, 2016).

Defendant argues that this case presents extraordinary circumstances and a likelihood of success on the merits because the Court already granted Defendant's motion and that denying him release would "effectively deny Mr. Crooker a remedy." ECF No. 113 at 8. Further, Defendant argues that this case is exceptional due to its procedural posture. ECF No. 119 at 3. The Government argues that this case is not extraordinary. ECF No. 117 at 4.

ORDER DENYING DEFENDANT'S MOTION FOR RELEASE FROM CUSTODY ~ 4

It is true that Defendant is likely to succeed on the merits of his petition, considering the Court already granted it regarding the charge to which he pleaded guilty: production of child pornography. *See* ECF No. 108. However, the Government points out that there are other charges that may be filed against Defendant if the Government's motion for reconsideration is not granted, which would be expected in most criminal cases that were resolved with a plea agreement. *See* ECF No. 110 at 6–7. Defendant fails to explain why this case involves extraordinary circumstances. While the procedural posture of this case certainly is unusual, it does not make Defendant's case extraordinary or special. Without any allegation of special or extraordinary circumstances, the Court will not grant Defendant bail pending a decision on his habeas petition.

Assuming that this Court does have the inherent power to grant bail to Defendant with a pending section 2255 motion, the Court finds that Defendant should not be released at this time.

*Pre-Trial Release*

Because this Court already granted Defendant's section 2255 motion, the Court considers whether Defendant is entitled to pre-trial release under the Bail Reform Act.

The Bail Reform Act of 1984, 18 U.S.C. §§ 3141–3150, 3156, governs the detention of a defendant pending trial and provides that a person shall be released pending trial unless the court "finds that no condition or combination of conditions

ORDER DENYING DEFENDANT'S MOTION FOR RELEASE FROM CUSTODY ~ 5

will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). The Bail Reform Act requires "the release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required and the safety of the community." *United States v. Gebro,* 948 F.2d 1118, 1121 (9th Cir. 1991); *see United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985). "Only in rare circumstances should release be denied, and doubts regarding the propriety of release should be resolved in the defendant's favor." *Gebro*, 948 F.2d at 1121. The burden of proof rests with the government, which must establish serious risk of flight by a preponderance of the evidence, and dangerousness by the higher standard of clear and convincing evidence for detention on the basis of danger. *See Motamedi*, 767 F.2d at 1406–07.

In determining whether to detain or release a defendant, the Court must consider: (1) the nature and seriousness of the offenses charged; (2) the weight of the evidence against the defendant; (3) the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug and alcohol abuse, and criminal history; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). The weight of the evidence against the defendant is the least consequential of the factors, and the court may not engage in a pretrial determination of guilt. *Motamedi*, 767 F.2d at 1408.

ORDER DENYING DEFENDANT'S MOTION FOR RELEASE FROM CUSTODY ~ 6

Under 18 U.S.C. § 3142(e)(3), if a defendant meets certain criteria, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the defendant and maintain the safety of the community. "Although the presumption shifts a burden of production to the defendant, the burden of persuasion remains with the government." *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008). If the defendant meets his burden of production, "the presumption "'remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g).'" *Hir*, 517 F.3d at 1086 (*citing United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986) (involving drug trafficking)); *see also United States v. Martir*, 782 F.2d 1141, 1144-45 (2nd Cir. 1986) (holding that even after a defendant charged with drug trafficking rebuts the statutory presumption, the court must continue to give the presumption weight in deciding whether the defendant should be detained prior to trial).

When Magistrate Judge Mary K. Dimke considered Defendant's detention at the beginning of this case, she first found that the rebuttable presumption under 18 U.S.C. § 3142(e) applied because Defendant was indicted for an offense involving a minor victim. ECF No. 18 at 2; 18 U.S.C. § 3142(e)(3)(E). Additionally, she found that Defendant had a history of failures to appear and failures to comply. ECF No. 18 at 3. She granted the Government's detention motion and Defendant was detained pretrial. *Id.* at 5.

ORDER DENYING DEFENDANT'S MOTION FOR RELEASE FROM CUSTODY ~ 7

Looking at the factors under section 3142(g), only one factor weighs against Defendant's detention. As the Court found in its order granting Defendant's section 2255 motion, the weight of the evidence against Defendant is not strong. ECF No. 108. However, the underlying conduct in this case is certainly troubling, especially considering that the victim involved was a developmentally-disabled minor. Defendant's release would expose the community to a risk of danger. Further, Defendant's past conduct, including multiple failures to appear and failures to comply with court orders, shows that Defendant may be a risk of failing to appear at court. Therefore, the Court finds that the rebuttable presumption applies and that there are no conditions or combination of conditions that will reasonably assure Defendant's appearance or the safety of the community.

The Court finds that Defendant is not entitled to pre-trial release. However. The Court will entertain a renewed motion for release if the Defendant has not been indicted on new charges within thirty days of the Court's order on the Government's motion for reconsideration.

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for Release from Custody, **ECF No. 113**, is **DENIED with leave to renew**.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** March 4, 2019.     *s/ Rosanna Malouf Peterson*
                              ROSANNA MALOUF PETERSON
                              United States District Judge

ORDER DENYING DEFENDANT'S MOTION FOR RELEASE FROM CUSTODY ~ 8