Lee Edmond
2615 11th Ave W
Seattle, WA 98119
(206) 428-7734
ledmond.esq@gmail.com

Attorney for James Lee Crooker

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 16-CR-2055-RMP |
| ) | |
| Plaintiff, ) | RESPONSE TO GOVERNMENT'S |
| ) | MOTION FOR RECONSIDERATION |
| vs. ) | |
| ) | |
| JAMES LEE CROOKER, ) | |
| ) | |
| Defendant. ) | |

## I.   ARGUMENT

A. **The Court correctly found that Mr. Crooker was actually innocent of his conviction for production of child pornography.**

   1. <u>The Court did not elevate Laursen as the test for sufficiency of the evidence.</u>

The Court did not elevate *United States v. Laursen*,[1] "as the test for sufficiency of the evidence", contrary to the argument of the government.

---

[1] 847 F.3d 1026 (9th Cir. 2017).

Response to Motion for Reconsideration– Page 1

LEE EDMOND
Attorney at Law
2615 11th Ave W
Seattle, WA 98119
(206) 428-7734
ledmond.esq@gmail.com

Rather, the Court simply used *Laursen* as a reference point for the statutory terms "use and "employ" as a "standard for conduct", implicitly finding that Mr. Crooker's conduct paled in comparison. There is nothing erroneous about such a finding or the use of *Laursen* for this purpose.

2. <u>The Court's analysis regarding sufficiency of the evidence was correct and its finding sound.</u>

The Court recognized that Mr. Crooker "could still be guilty of Production of Child Pornography if he encouraged, persuaded, induced, enticed, or coerced Minor F into taking the photo and sending it to Defendant." Employing traditional rules of statutory construction, the Court found that statements like "Ooo what u wearin lol" and "I wanna see" were simply not sufficient for a reasonable juror to find proof beyond a reasonable doubt that Mr. Crooker was encouraging or persuading minor F to take a photograph of her vagina and send it to him. There is simply nothing erroneous about this finding regarding the lack of sufficient evidence to convict.

The government nitpicks with the Court's statutory construction, and argues that the Court employed a heightened standard, requiring a defendant to "argue" or "plead" with a victim. No such heightened standard

Response to Motion for Reconsideration– Page 2

LEE EDMOND
Attorney at Law
2615 11th Ave W
Seattle, WA 98119
(206) 428-7734
ledmond.esq@gmail.com

was employed by the Court; nor has the government provided any basis for refuting the Court's finding that "[w]hile the conversations between Defendant and Minor F were certainly inappropriate, there is no evidence that Defendant was actively working to receive a picture of Minor F's vagina as a product of those conversations. No reasonable juror could find beyond a reasonable doubt that Defendant's statement of 'I wanna see,' without any mention of taking or exchanging photos, supports a conviction under section 2251(a)."

### B. The government's claim that Mr. Crooker suffered no prejudice from his counsel's ineffectiveness is specious.

The government offers no new support in its Motion for Reconsideration with regard to the Court's finding of ineffective assistance. It merely reiterates its irrational belief that the evidence against Mr. Crooker was "overwhelming" and that "a reasonable jury" could have convicted Mr. Crooker of the § 2251(a) offense. Mr. Crooker sees no benefit in participating in a "yes there was—no there wasn't" debate regarding the strength of the evidence against Mr. Crooker. The Court's determination was both supported and eminently reasonable.

Response to Motion for Reconsideration– Page 3

LEE EDMOND
Attorney at Law
2615 11th Ave W
Seattle, WA 98119
(206) 428-7734
ledmond.esq@gmail.com

But the government has now thrown in a new argument, claiming that Mr. Crooker was not prejudiced by previous counsel's ineffectiveness because the government chose to charge him with production of child pornography rather than Coercion and Enticement in violation of 18 U.S.C. § 2422 (b)," There is no indication in the record that parties ever discussed foregoing Coercion and Enticement charges in exchange for Mr. Crooker pleading guilty to the production of child pornography. Nor had the government raised this assertion in any prior pleadings before this Court. Furthermore, the mandatory minimum sentence for production of child pornography in violation of 18 U.S.C. § 2251(a) is 15 years, § 2251(e), whereas the mandatory minimum sentence for violating 18 U.S.C. § 2254(b) (Coercion and Enticement) is "only" 10 years. *Id.*

Presumably, the government chose to charge Mr. Crooker with violating § 2251(a) rather than § 2254(b) because the former statute bore a higher minimum sentence. Otherwise, why charge him with committing an offense for which there was virtually no evidence, rather than a crime which the government now claims it could have easily proven. The government's implication that it chose to forego charging Mr. Crooker with

Response to Motion for Reconsideration– Page 4

LEE EDMOND
Attorney at Law
2615 11th Ave W
Seattle, WA 98119
(206) 428-7734
ledmond.esq@gmail.com

a crime carrying a lower mandatory minimum sentence in light of his agreement to plead to a crime carrying a higher mandatory minimum is fatuous.

### C. The government not only waived an evidentiary hearing, but affirmatively asserted that one was not necessary. It cannot now request one in a motion for reconsideration.

In Section **VII** of its response to Mr. Crooker's Amended § 2255 motion [ECF No. 103], entitled "**NO HEARING IS NECESSARY**", the government affirmatively argued against an evidentiary hearing being held:

> The record in this case fully fleshes out the issues, and there is no new evidence or information outside of the existing record that necessitates a hearing. Thus, Defendant's motion can and should be denied without further proceedings.

The government saw no need for an evidentiary hearing until the Court ruled in Mr. Crooker's favor. Mr. Crooker did not request an evidentiary hearing, the Court did not hold one, and the government affirmatively represented to the Court that one should not be held. The party seeking an evidentiary hearing in a § 2255 proceeding carries a high burden of demonstrating a need for such a hearing, and the decision whether to grant one is "committed to the district court's discretion." *United States v. Geraldo*, 523 F. Supp. 2d 14, 17 (D.D.C. 2007). Certainly, a

Response to Motion for Reconsideration– Page 5

LEE EDMOND
Attorney at Law
2615 11th Ave W
Seattle, WA 98119
(206) 428-7734
ledmond.esq@gmail.com

desperate attempt to salvage an infirm conviction by requesting an evidentiary hearing in a motion for reconsideration does not surmount the high burden of demonstrating the necessity of holding such a hearing. The request of the government should be denied.

## II. CONCLUSION

LCR 12(c)(5) provides that motions for reconsideration are disfavored and the court will usually deny them in the absence of manifest error or new facts or legal authority that couldn't have been brought to the court's attention with reasonable diligence. There was no manifest error in the Court's previous ruling, nor any new facts or legal authority.

The government's motion for reconsideration should be denied.

Respectfully submitted this 6th day of March, 2019.

s/ Lee Edmond _____
Lee Edmond, WSBA #34693
Attorney for James Lee Crooker
2615 11th Ave W
Seattle, WA 98119
Telephone Number: (206) 428-7734
ledmond.esq@gmail.com

Response to Motion for Reconsideration– Page 6

LEE EDMOND
Attorney at Law
2615 11th Ave W
Seattle, WA 98119
(206) 428-7734
ledmond.esq@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2019, I electronically filed this document with the Clerk of the Court using the CM/ECF System and I will send notification of such filing to Meghan McCalla, AUSA.

DATED this 6th day of March, 2019.

*s/ Lee Edmond*
Lee Edmond, WSBA #34693
Attorney for James Lee Crooker
2615 11th Avenue W
Seattle, Washington 98119
Telephone Number: (206) 428-7734
ledmond.esq@gmail.com

PAGE 1

Edmond Law, PLLC
2615 11th Avenue W
Seattle, WA 98119
(206) 428-7734
(888) 842-3803 (fax)