FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 22, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAMES LEE CROOKER,<br><br>Defendant. | NO: 1:16-CR-2055-RMP<br><br>ORDER DENYING GOVERNMENT'S MOTION FOR RECONSIDERATION |

BEFORE THE COURT is the Government's Motion for Reconsideration, ECF No. 110. The Government asks the Court to reconsider its order vacating Defendant James Lee Crooker's conviction for Production of Child Pornography under 28 U.S.C. § 2255. *Id.*; *see also* ECF No. 108. The Court has reviewed the briefing and the record, and is fully informed.

## BACKGROUND

On August 9, 2016, Defendant was indicted for Production of Child Pornography in violation of 18 U.S.C. § 2251(a) because he received a sexually explicit photo from Minor F, a 15-year-old girl at the time. ECF No. 1. After the

Government learned that Defendant was a registered sex offender at the time of the offense, the Government filed a superseding indictment adding a charge against Defendant for Commission of a Felony Sex Offense by an Individual Required to Register as a Sex Offender in violation of 18 U.S.C. § 2260A. ECF No. 31. Defendant pleaded guilty to Production of Child Pornography, and the Government dismissed the additional charge under 18 U.S.C. § 2260A. ECF No. 50. On June 7, 2017, the Court sentenced Defendant to 15 years imprisonment, which is the mandatory minimum for Production of Child Pornography and the sentence that the parties agreed to under Federal Rule of Criminal Procedure 11(c)(1)(C), as well as 10 years of Supervised Release. ECF No. 71.

On February 12, 2018, Defendant, acting *pro se*, filed a motion to vacate, set aside, or correct his sentence. ECF No. 78. The Court appointed counsel for Defendant, ECF No. 92, and thereafter Defendant filed an amended motion. ECF Nos. 100 & 101. Defendant argued that he was actually innocent of the crime charged and that he received ineffective assistance of counsel when he pleaded guilty. ECF No. 101. On January 31, 2019, the Court granted Defendant's motion. *United States v. Crooker*, 360 F. Supp. 3d 1095 (E.D. Wash. 2019).

First, the Court found that Defendant was actually innocent of Production of Child Pornography because no reasonable juror would convict Defendant based on the evidence presented in the record. *Id.* at 1108. Second, the Court found that Defendant received ineffective assistance of counsel and was prejudiced by that

ORDER DENYING GOVERNMENT'S MOTION FOR RECONSIDERATION ~ 2

ineffective assistance of counsel. *Id.* at 1111. The Court vacated Defendant's sentence and conviction and withdrew his guilty plea. *Id.* at 1112.

The Government then filed the present Motion for Reconsideration. ECF No. 110. It argues that the Court erred in its statutory analysis and that Defendant was not prejudiced by his counsel's deficient representation. *Id.* at 2–7. It also argues that the Court should grant an evidentiary hearing. *Id.* at 7–8.

**LEGAL STANDARD**

"Motions for reconsideration are disfavored." LCrR 12(c)(5). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id.* Parties may make motions for reconsideration following a district court's order on a section 2255 motion, and the district court should treat the motion similar to a civil motion for reconsideration under Federal Rule of Civil Procedure 59(e). *See United States v. Martin*, 226 F.3d 1042, 1047 n.7 (9th Cir. 2000).

**DISCUSSION**

*The Court's Statutory Analysis of Section 2251(a)*

The Government's first claim is that the Court erred in its statutory analysis on Defendant's claim of actual innocence. ECF No. 110 at 2. Because the Government presents no new facts or legal authority, the Court analyzes whether it

committed "manifest error" by concluding that Defendant was actually innocent. LCrR 12(c)(5).

The Government's first argument is that the Court was wrong to compare Defendant's factual scenario to the scenario in *United States v. Laursen* because *Laursen* "is but one example of a production of child pornography case." 847 F.3d 1026 (9th Cir. 2017); ECF No. 110 at 2. The Government misinterprets the Court's order. The Court found that *Laursen* had previously defined what it means to "employ or use" a minor to engage in sexually explicit conduct to be guilty of Production of Child Pornography under 18 U.S.C. § 2251(a). *Crooker*, 360 F. Supp. 3d at 1106–07. Using the definition of "employ or use" from *Laursen*, the Court found that no reasonable juror would conclude that Defendant "employed or used" Minor F to create the photo based on the facts in the record. *Id.* at 1107. The Court then considered whether, based on the facts in the record, a reasonable juror could conclude that Defendant persuaded, induced, enticed, coerced, or encouraged Minor F into taking the photo and sending it to Defendant. *Id.* The Court did not commit "manifest error" by adopting the Ninth Circuit's definition of "employ or use" from *Laursen* to determine Defendant's actual innocence.

The Government also contends that the Court erred by including "encourage" in its analysis because that term is not used in section 2251(a). ECF No. 110 at 3 n.1. "Encourage" does not appear in section 2251(a). *See* 18 U.S.C. § 2251(a). However, the Court analyzed the term "encourage" because the

Government asserted at Defendant's change of plea hearing that the Government "discovered that the defendant had encouraged [Minor F] or persuaded [Minor F] to send photographs of her vagina." ECF No. 87 at 9–10. The Government has not supported that the Court committed manifest error by analyzing whether Defendant "encouraged" Minor F to send him the photograph.

The Government's second argument is that the Court relied on narrow definitions of the statute's verbs to find Defendant innocent. ECF No. 110 at 2–3. When the Court is tasked with interpreting the terms in a statute and applying it to a factual scenario, the Court uses "traditional rules of statutory interpretation . . . commencing with the plain and common meaning of the word derived from dictionary definitions." *Laursen*, 847 F.3d at 1032. In determining the definitions to use in its statutory analysis, the Court used the same dictionary that the *Laursen* panel did and applied the most relevant definition. *Crooker*, 360 F. Supp. 3d at 1107; *see also Laursen*, 847 at 1032. The Government has not presented any authority to support that the Court's application of the dictionary definitions of the verbs to the factual scenario is "manifest error" that warrants granting the Government's motion.

The Government further argues that a jury would not be entitled to dictionary definitions of the verbs at trial. ECF No. 110 at 4. The Government cites *United States v. Dhingra* in support of its argument. *Id.*; 371 F.3d 557 (9th Cir. 2004). *Dhingra* concerned a challenge to jury instructions on appeal.

ORDER DENYING GOVERNMENT'S MOTION FOR RECONSIDERATION ~ 5

*Dhingra*, 371 F.3d at 567. The Government misses the point. This is not a challenge to jury instructions. When the Court is tasked with a sufficiency of the evidence analysis or actual innocence analysis, the Court must use dictionary definitions of undefined statutory terms. *See Laursen*, 847 F.3d at 1032 ("Thus, traditional rules of statutory interpretation are employed, commencing with the plain and common meaning of the word derived from dictionary definitions."). The Government has failed to support that the Court erred by using dictionary definitions in its statutory analysis.

The Government's third argument is that the Court interpreted the Defendant's statements to Minor F in a vacuum. ECF No. 110 at 4–5. The Government then proceeds to restate the facts of this case from the plea agreement, which are the same facts that the Court relied on to come to its conclusions in the original order. *Id.*; *Crooker*, 360 F. Supp. 3d at 1100–03. The Government has failed to provide new facts or legal authority to support that the Court committed "manifest error" that warrants reconsideration. *See* LCrR 12(c)(5).

The Government also argued "[t]hat Minor F is the photographer is irrelevant to Defendant's guilt." ECF No. 110 at 4. Again, the Government misses the point. The Court is aware that "even a willing or deceitful minor is entitled to governmental protection from self-destructive decisions that would expose him or her to the harms of child pornography." *Laursen*, 847 F.3d at 1033 (quoting *United States v. Fletcher*, 634 F.3d 395, 403 (7th Cir. 2011)). The issue of who the

photographer was in this case, compared to who the photographer was in *Laursen*, was just one point of comparison in analyzing the facts of this case to *Laursen*. The Court did not grant Defendant's section 2255 motion because Minor F took the photograph. Any implication to the contrary is unfounded.

Nothing in the Government's argument regarding the Court's analysis of statutory terms supports its conclusion that the Court committed manifest error in determining that Defendant is actually innocent of Production of Child Pornography. The Court rejects the Government's first claim for reconsideration.

*Prejudice to Defendant*

The Government's second claim supporting reconsideration is that the Court committed manifest error in finding that Defendant was prejudiced by the ineffective assistance of counsel. ECF No. 110 at 5. The Government bases this argument on the "significant concessions" that Defendant received with his plea agreement. *Id.*

To determine whether a defendant was prejudiced by ineffective assistance of counsel in negotiating a plea agreement, the court should consider whether the defendant received significant concessions from the government. *See Weaver v. Palmateer*, 455 F.3d 958, 967–68 (9th Cir. 2006). The Court considered the Government's decision to dismiss the section 2260A charge in exchange for Defendant's guilty plea for Production of Child Pornography. *Crooker*, 360 F. Supp. 3d at 1110. However, as the Court found, this concession was not

significant because guilt under section 2260A requires guilt of another sex offense. *Id.*; *see also* 18 U.S.C. § 2260A. If Defendant was actually innocent of the Production charge, which the Court found, then the Government would not be able to prove that Defendant was guilty of section 2260A. In that situation, the Government's concession could not be deemed significant. For this reason, along with others set in this Court's previous order, the Court found that Defendant was prejudiced by ineffective assistance of counsel. *Crooker*, 360 F. Supp. 3d at 1111.

The Government now argues that Defendant could have been, theoretically, charged with Coercion and Enticement under 18 U.S.C. § 2422(b) in addition to his other charges. ECF No. 110 at 6. The Government submits with its reply brief the declaration of the Assistant United States Attorney who prosecuted Defendant, Laurel J. Holland, in which she states that she had conversations with Defendant's attorney about the possibility of charging Defendant with Coercion and Enticement. ECF No. 122-1 at 2. The Government misunderstands the standard that the Court applied in its analysis. There is a difference between evaluating the concessions given by the Government, shown by which charges in the indictment were dismissed, the Government's agreement to propose a specific sentence, and asking the Court to speculate regarding what the Government may or may not have offered in plea negotiations. The Government encourages the Court to become involved in plea negotiations, which is expressly prohibited. Fed. R. Crim. P. 11(c)(1). "Although both the government and the defendant are expected to

comply with the terms of the plea agreement, the court is not a party to the agreement and may reject it." *United States v. Lewis*, 979 F.2d 1372, 1375 (9th Cir. 1992).

The Court's role is to rule on the parties' motions based on the law and facts presented in the record. The Court is not a party to and does not consider plea negotiations, nor will the Court speculate about possible charges that may, or may not, have been discussed in plea negotiations. Even if this plea agreement was beneficial for Defendant, the Court's task is to determine whether Defendant was prejudiced by his ineffective assistance of counsel based on the evidence and several factors, only one of which is any concession that he may have received when he pleaded guilty. Based on those factors, the Court found that Defendant was prejudiced by ineffective assistance of counsel. *Crooker*, 360 F. Supp. 3d at 1111.

The Government does not present any "new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence."[1] LCrR 12(c)(5). The Government's statement that it will bring additional charges against Defendant unless the Court withdraws its prior ruling also is not relevant to

---

[1] The Court rejects the Government's excuse that the untimely declaration that was submitted with its reply brief could not have been provided to the Court earlier due to the declarant's maternity leave. Counsel's knowledge of the plea negotiations was something that could have been brought to the Court's attention with reasonable diligence from the Government, if it was relevant.

ORDER DENYING GOVERNMENT'S MOTION FOR RECONSIDERATION ~ 9

the Court's consideration. ECF No. 110 at 9. The decision will be made on the facts in the record and the applicable law. The Court rejects the Government's pressing invitation to reconsider its decision based on a proffer of plea negotiations, a process in which the Court plays no role. Therefore, the Court rejects the Government's second claim for reconsideration.

*Necessity of an Evidentiary Hearing*

In its motion for reconsideration, the Government argues that an evidentiary hearing is necessary to grant Defendant's section 2255 motion. ECF No. 110 at 7. However, in its original motion, the Government argued that no evidentiary hearing was necessary. ECF No. 103 at 16; ECF No. 110 at 7 n.4. A district court considering a section 2255 motion should hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. As the Court already stated in its original order, the Court is only presented with issues of law in this case and an evidentiary hearing is unnecessary, a decision which the Government advocated until the Court granted Defendant's motion. *Crooker*, 360 F. Supp. 3d at 1103 n.1; *see also Yeaman v. United States*, 326 F.2d 293, 294 (9th Cir. 1963). The Government has failed to provide any reason for an evidentiary hearing for its motion to reconsider, which the Court views as untimely at this juncture. Therefore, the Court will not hold an evidentiary hearing on the Government's motion to reconsider.

Accordingly, **IT IS HEREBY ORDERED**:

1. The Government's Motion for Reconsideration, **ECF No. 110**, is **DENIED**.

2. Within fourteen days of the entry of this Order, Counsel for the Government shall notify the Court and defense counsel how it intends to proceed in this matter.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** April 22, 2019.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge