FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 18, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>    vs.<br>JAMES LEE CROOKER<br>    Defendant. | No. 1:16-cr-02055-SAB<br><br>**ORDER ADDRESSING<br>PENDING MOTIONS** |

A pretrial hearing was held on November 13, 2019, in Yakima Washington. Defendant was present and represented by Robin Emmans. The United States was represented by Assistant United States Attorney Meghan McCalla. Pending before the Court are Defendant's Motion to Dismiss Second Superseding Indictment, ECF No. 149; Motion to Dismiss Indictment (Law of the Case), ECF No. 150; Motion to Bifurcate Counts, ECF No. 151; and Motion to Dismiss Count 2 of Second Superseding Indictment, ECF No. 152. Also pending before the Court are the United States' Motions in Limine, ECF Nos. 153, 163.

At the hearing, the Court heard oral argument on the pending motions and took them under advisement. This Order sets forth the Court's ruling on the motions.

### Procedural History

In March 2017, Defendant plead guilty to Production of Child Pornography and in exchange the United States agreed to dismiss Count 2, Commission of a Felony Sex Offense by an Individual Required to Register as a Sex Offender. ECF

**ORDER ADDRESSING PENDING MOTIONS** ~ 1

No 51. The underlying facts involved Defendant sexting with a 15-year old female victim. ECF No. 50. Defendant was 32 years old. *Id.* The conversations were sexual, and they discussed having sex. *Id.* Eventually, the victim sent Defendant a picture of her bare vagina. *Id.* He did not ask for the picture but did respond to it. *Id.*

After he was sentenced by Judge Rosanna Malouf Peterson to fifteen years pursuant to the Rule 11(c)(1)(C) plea agreement, ECF No. 68, Defendant filed a *pro se* § 2255 petition, arguing that he was factually innocent of the crime he plead guilty to because he never employed, used, persuaded, induced, or enticed the victim to engage in sexually explicit conduct for the purpose of producing a depiction of such conduct.[1] ECF No. 78. Judge Peterson granted Defendant's request for counsel, ECF No. 92; heard oral argument, ECF No. 107, and ultimately agreed with and granted his § 2255 petition. ECF No. 108.

In the order, Judge Peterson noted that even though Defendant did not file an appeal, he did not procedurally default on his claims because the United States waived that defense by not arguing it, not withstanding that boilerplate language was in the motion. *Id.* She concluded even though the plea agreement had a waiver of appeal rights, Defendant had not waived his right to collaterally attack his conviction because his plea was not knowing and therefore not voluntary. *Id.* Judge Peterson found that Defendant was actually innocent of his conviction for Production of Child Pornography because the record did not support a finding of the coercion element and also found that he had proven an ineffective assistance of

---

[1] The elements of Production of Child Pornography are: 1) the victim was under the age of 18; 2) the defendant employed, used, persuaded, induced or enticed the victim to engage in sexually explicit conduct for the purpose of producing a depiction of such conduct; and 3) the defendant knew or had reason to know that such visual depiction would be transported using any means/facility of interstate commerce, or such visual depiction was produced using materials that have been mailed, or shipped, or transported in and affecting interstate commerce. 18 U.S.C. § 2251(a).

**ORDER ADDRESSING PENDING MOTIONS ~ 2**

counsel claim. *Id.* She concluded the appropriate remedy was to vacate Defendant's guilty plea and vacate the judgment. *Id.*

The United States filed a Motion for Reconsideration, ECF No. 110, which Judge Peterson denied. ECF No. 123. In the order denying reconsideration, the United States was directed to provide the Court and defense counsel with notice of how it intended to proceed. *Id.* Judge Peterson also denied Defendant's Motion for Release from Custody. ECF No. 120.

A second superseding Indictment was filed on June 11, 2019, charging Defendant with one count of Enticement of a Minor Child, in violation of 18 U.S.C. § 2422(b) and one count of Commission of a Felony Sex offense by an Individual Required to Register as a Sex Offender. ECF No. 126.

**1. Defendant's Motion to Dismiss Second Superseding Indictment, ECF No. 149**

Defendant asks the Court to enforce the terms of the Plea Agreement that was entered into between the United States and Defendant in March 2017. The United States argues that pursuant to the Judge Peterson's Order, the Plea Agreement is no longer binding or valid.

The Plea Agreement contains the following clause:

> 6. <u>The United States Agrees</u>:
>     (a.) Dismissal(s):
>     At the time of sentencing, the United States agrees to move to dismiss Count 2 of the Indictment, which charges the Defendant with Commission of a Felony Sex Offense by an Individual Required to Register as a Sex Offender, in violation of 18 U.S.C. § 2260A.
>     (b.) Not to File Additional Charges;
>     The United States Attorney's Office for the Eastern District of Washington agrees not to bring any additional charges against the Defendant based upon information in its possession at the time of this Plea Agreement and arising out of Defendant's conduct involving illegal activity charged in the Indictment, unless the Defendant breaches this Plea Agreement any time before or after sentencing.

ECF No. 50.

**ORDER ADDRESSING PENDING MOTIONS ~ 3**

If the United States indicts a defendant on charges that the defendant believes are barred by a preexisting plea agreement, the defendant may move to dismiss those charges. See *United States v. Transfiguracion*, 442 F.3d 1222, 1231 (9th Cir. 2006); Fed. R. Crim. P. 12(b)(1) ("A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits."). If such a motion presents disputed issues of fact, the defendant is entitled to an evidentiary hearing on those issues. See *United States v. Packwood*, 848 F.2d 1009, 1011 (9th Cir. 1988). In all cases, the United States bears the burden of proving that the defendant breached his agreement by a preponderance of the evidence. *United States v. Plascensia-Orozco*, 852 F.3d 910, 920 (9th Cir 2017).

Recently, the Ninth Circuit addressed a similar situation in *Fox v. Johnson*, 832 F.3d 978 (9th Cir. 2016). In that case, the petitioner plead in California state court to second degree murder in exchange for testifying against one of the co-defendants. *Id.* at 981. She was sentenced to 15 years to life but would be eligible for parole consideration after seven and a half years. *Id.* She also faced a lifetime of parole when released, although she was not told this at the plea colloquy or sentencing. *Id.* She maintained the state promised her that she would only serve seven and a half years. *Id.* at 982

She filed a habeas petition in state court, asking that she be allowed to withdraw her plea because it was not voluntary and because her counsel was ineffective. *Id.* at 983. She did not ask for specific performance of the plea agreement. *Id*. The habeas petition was granted, and she was granted a new trial on the basis that she had not been informed before entering the plea that she faced lifetime parole. *Id.*

Shortly before the new trial was to begin, she filed a motion to enforce the previous plea agreement as she understood it. *Id.* The trial court denied the motion and she was tried on the original charge of first-degree murder, first-degree

**ORDER ADDRESSING PENDING MOTIONS ~ 4**

burglary, and special circumstances. *Id.* She was found guilty on all charges. *Id.* She was sentenced to life imprisonment without the possibility of parole. *Id*.

She appealed and the California courts held that she was not entitled to specific performance of the original plea agreement, *i.e.*, to be paroled after seven and a half years. *Id*. at 984. The courts denied her ineffective assistance of counsel claim based on her habeas counsel's advice  advice that if the petition was granted, she would go back to square one and face life without the possibility of parole. *Id*. Counsel had explained that he did not seek specific performance of the plea agreement because it was a weak argument. *Id*.

She then went to federal court and argued she has a due process right to specific performance of the original plea agreement. *Id*. at 986. The Ninth Circuit held there was no plea agreement to enforce because she had successfully withdrawn from the plea agreement. *Id*. It rejected her argument that a criminal defendant has a due process right to bind the government to a plea agreement even after choosing to withdraw the plea rather than seek specific performance of the plea agreement. *Id*. at 987 ("A defendant who chose of his own accord to challenge an aspect of the proceedings against him takes a calculated risk of having the original charges reinstated.") (quotation omitted). The Circuit noted that by obtaining a writ of habeas corpus nullifying her plea as not knowing and voluntary, she also nullified her plea agreement—whatever terms were in the plea agreement were no longer operative. *Id*. "[O]nce a plea agreement is rescinded, the State need not reoffer the same terms, and the trial court is not required to enforce the agreement's now-defunct provisions." *Id*. at 989 (citation omitted).

Defendant argues that *Fox* can be distinguished and asserts the United States is putting form over substance as a shield against an equitable outcome.

Defendant has not convinced the Court that *Fox* is not controlling in this instance. As such, the Court is bound to deny Defendant's Motion to Dismiss because it is clear from the record that Defendant sought and received permission

**ORDER ADDRESSING PENDING MOTIONS ~ 5**

to withdraw from the Plea Agreement. Consequently, there is no valid plea agreement to enforce. Defendant's Motion to Dismiss Second Superseding Indictment, ECF No. 149, is denied.

**2. Defendant's Motion to Dismiss Indictment (Law of the Case), ECF No. 150**

Defendant asks this Court to dismiss the Second Superseding Indictment based on Judge Peterson's ruling that there was no factual basis for the previously entered plea and finding that Defendant was actually innocent of the crime of Production of Child Pornography. Defendant asserts that the same evidence is needed to find he committed Count 1 of the Second Superseding Indictment, Enticement of a Minor Child; since Judge Peterson found there was no factual basis for that element, the evidence is lacking to show that he committed Enticement of a Minor Child.

Under the law of the case doctrine, "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir 1993). The doctrine is not a limitation on the court's power, but a guide to discretion. *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997). A court may have discretion to depart from the law of the case where: (1) the first decision was clearly erroneous; (2) an intervening change in the law occurred; (3) the evidence on remand is substantially different; 4) other changed circumstances exist; or (5) a manifest injustice would otherwise result. *Id*.

Here, the Court is not prepared to rule on whether the law of the case precludes a finding of one of the elements of the crime of Enticement of a Child. At this stage of the proceedings, it is not clear what evidence the United States is going to rely upon to prove its case and how it intends to argue or prosecute this count. The Court will deny Defendant's Motion to Dismiss Case (Law of the Case), ECF No. 150 motion, but Defendant is granted leave to renew his motion

**ORDER ADDRESSING PENDING MOTIONS ~ 6**

after the evidence and argument has been presented.

### 3. Defendant's Motion to Bifurcate Counts, ECF No. 151

Defendant asks the Court for an Order bifurcating the trial into a two-stage proceeding in which the jury must deal first with Count 1 and proceed to hearing evidence and make a decision as to Count 2 only if a verdict of guilty is returned on Count 1. The United States opposes Defendant's request to bifurcate.

The Court finds good cause to bifurcate the two counts. At the heart of the matter is Defendant's juvenile adjudication at the age of 14 of First Degree Attempted Sexual Abuse. As a result of this adjudication, Defendant is required to register as a sex offender. Being required to register as a sex offender is an element of Count 2, Commission of a Felony Sex Offense by an Individual Required to Register as a Sex Offender. The juvenile adjudication is admissible to prove an element of Count 2.

The United States filed a notice that it intends to introduce evidence of the juvenile adjudication as Fed. R. Civ. 404(b) evidence with respect to Count 1. The juvenile adjudication is highly prejudicial and very remote in time. The facts are substantially different than those in the case at bar and Defendant was only a teenager when he committed the bad acts. His actions as a youth should not be used by a jury for Fed. R. Evid. 404(b) purposes during a trial for a crime committed 20 years later when he is an adult. Moreover, the probative value of the juvenile adjudication is substantially outweighed by the danger of unfair prejudice in this situation. Finally, the Court finds that a limiting instruction is not sufficient to protect against the danger the jury's attitude toward Defendant would be adversely affected, wholly apart from its judgment as to Defendant's guilt or innocence. *See United States v. Hadley*, 918 F.2d 848, 850–51 (9th Cir. 1990). As such, because the United States is prevented from introducing the Fed. R. Evid. 404(b) juvenile adjudication with respect to Count 1, but the juvenile adjudication is necessary to prove Count 2, the proper remedy is to bifurcate the trial.

**ORDER ADDRESSING PENDING MOTIONS ~ 7**

Defendant's Motion to Bifurcate Counts, ECF No. 151, is granted.

   4. **Defendant's Motion to Dismiss Count 2 of the Second Superseding Indictment, ECF No. 152**

Count 2 alleges that Defendant, who was required to register as sex offender, committed a felony sex offense.[2] ECF No. 126. The felony offense being alleged by the United States is Rape in the Third Degree, RCW 9A.44.079. *Id.*

It is undisputed that Defendant is required to register as a sex offender as a result of his juvenile adjudication for First Degree First Degree Attempted Sexual Abuse. Defendant asks the Court to dismiss this count on the theory that because a juvenile adjudication does not allow for a jury trial, it violates the Sixth Amendment and *Apprendi v. New Jersey,* 530 U.S. 466 (2000), when, as here, it is being used to increase the prescribed range of penalties to which a criminal defendant is exposed. Defendant asks the Court to interpret the statute to require that registration requirements be the result of an adult conviction and not a juvenile adjudication.

Defendant acknowledges there is not any case law to support his position, but he encourages the Court to look through the cases to find a thread that stands for the proposition that the use of juvenile adjudications to enhance sentencings violates the Sixth Amendment.

First, he relies on the U.S.S.G. definition of conviction and the fact that the Guidelines treat juvenile adjudications differently by analogy. U.S.S.G. § 4B1.5(a)

---

[2] 18 U.S.C. § 2260A provides:
Whoever, being required by Federal or other law to register as a sex offender, commits a felony offense involving a minor under section 1201, 1466A, 1470, 1591, 2241, 2242, 2243, 2244, 2245, 2251, 2251A, 2260, 2421, 2422, 2423, or 2425, shall be sentenced to a term of imprisonment of 10 years in addition to the imprisonment imposed for the offense under that provision. The sentence imposed under this section shall be consecutive to any sentence imposed for the offense under that provision.

**ORDER ADDRESSING PENDING MOTIONS ~ 8**

provides an enhancement if a defendant "committed the instant offense of conviction subsequent to sustaining at least one sex offense conviction." The Guidelines define "sex offense conviction" as "any offense described in 18 U.S.C. § 2426(b)(1)(A) or (B), if the offense was perpetrated against a minor." U.S.S.G. 4B1.5 cmt. n.3(A)(ii). The Ninth Circuit, however, has concluded that this definition does not include juvenile adjudications. *United States v Nielsen*, 694 F.3d 1032, 1038 (9th Cir. 2012). ("When the Guidelines apply to juvenile adjudications, they say so expressly.").

Defendant notes that the Sex Offender Registration and Notification Act ("SORNA") treats juvenile offenses differently, defining "convicted," or a variant thereof when used with respect to sex offense, as including instances where one was "adjudicated delinquent as a juvenile for that offense, but only if the offender is 14 years of age or older at the time of the offense and the offense adjudicated was comparable to or more severe than aggravate sexual abuse." 34 U.S.C. § 20911(8).

Defendant also relies on *United States v. Tighe*, 266 F.3d 1187 (9th Cir. 2001) and *United States v. Blanton*, 476 F.3d 767 (9th Cir. 2007). Both address the use of juvenile adjudications with respect to sentencing enhancements. In *Tighe*, the Ninth Circuit declined to extend *Apprendi* to nonjury juvenile adjudications. 266 F.3d at 1194 ("[W]e conclude *Apprendi's* narrow 'prior conviction' exception is limited to prior convictions resulting from proceedings that afforded the procedural necessities of a jury trial and proof beyond a reasonable doubt."). The Circuit concluded the district court erred in counting the defendant's juvenile adjudication as a predicate offense under the Armed Career Criminal Act. *Id.* at 1195.

In *Blanton*, the district court held that under *Blakely v. Washington*, 542 U.S. 296 (2004), the defendant's juvenile adjudications could not serve as a predicate offense under the ACCA because he was not afforded the right to a jury trial in

**ORDER ADDRESSING PENDING MOTIONS ~ 9**

those proceedings. *Blanton*, 476 F.3d at 770. The Circuit never ruled whether the district court's analysis was correct because it concluded Double Jeopardy prevented the United States from appealing that decision. *Id.*

Here, there are no *Apprendi* concerns because Defendant's prior juvenile adjudication is an element of the crime. It will be presented to the jury and the jury will need to find that element proved beyond a reasonable doubt. Moreover, the concerns expressed in *Blanton* are not at issue here. Defendant's juvenile adjudication is not being used as a sentencing enhancement. Rather, it is an element of a stand-alone statute that is punishing a person's decision to commit a sex-crime while under a requirement for having to register as a sex offender. 18 U.S.C. § 2260A. The juvenile adjudication creates the status of the individual, but the status of the individual is separate from the prohibited conduct.

This is akin to the status crime of being a felon in possession of a firearm. Being a felon, or prohibited person, is a status that is separate from the prohibited conduct, possessing the firearm. In *United States v. Mendez*, 765 F.3d 950 (9th Cir. 2014), the Ninth Circuit held that juvenile adjudications can be the predicate offense for establishing that a defendant is a felon for purposes of 18 U.S.C. § 922(g). *Id*. at 952. It noted that while Washington law places juvenile adjudications on a different footing from adult convictions when assessing an individual's criminal history, these protections apply only while the defendant is still within the juvenile justice system. *Id*. After reaching adulthood, an individual who commits further crimes falls under the adult criminal justice system and juvenile adjudications can be treated as convictions of crimes. *Id*. Once an individual becomes an adult, Washington law allows juvenile adjudications to be used as predicate offenses for certain crimes (*i.e.* possession of firearms). *Id*. It concluded the defendant's juvenile adjudication for second degree unlawful possession of a firearm constitutes a "conviction" of "a crime punishable by imprisonment for a term exceeding one year."

**ORDER ADDRESSING PENDING MOTIONS ~ 10**

Here, the Oregon legislature specifically added adjudicated juveniles as a class of individuals subject to registration in addition to convicted adults. Or. Rev. Stat. § 181.596(2)(b) (requiring registration by a person discharged, released, or placed on probation "[b]y the juvenile court after being found to be within the jurisdiction of the juvenile court for having committed an act that if committed by an adult would constitute a sex crime). Washington laws requires "[a]ny adult or juvenile residing whether or not the person has a fixed residence … who has been found to have committed or has been convicted of any sex offense or kidnapping offense … to register with the county sheriff. Wash. Rev. Code § 9A.44.130(1)(a). A sex offense is defined to include "any federal or out-of-state conviction for an offense that under the laws of this state would be a felony classified as a sex offense under (a) of this subsection" § 9.94A.030(48)(d). Thus, individuals with juvenile convictions are required to register if their out-of-state juvenile offense would have been a felony sex offense under Washington law. Defendant's juvenile adjudication qualifies as a felony sex offense.

Consequently, the United States can use Defendant's juvenile adjudication to prove his status, *i.e.* a person who was required to register as a sex offender, without offending *Apprendi*, *Blakely*, *Blanton* or *Tighe.* As such, there is no need to dismiss Count 2 and Defendant's Motion to Dismiss Count 2 of Second Superseding Indictment, ECF No. 152, is denied.

**5. The United States' Motions in Limine, ECF Nos. 153, 156**

The United States filed two Motions in Limine. Defendant has not yet responded to the motions. The Court reserves ruling on those motions until the Court has time to consider additional evidence.

**6. Speedy Trial Calculations**

Given the unique posture of this case, it is not clear to the Court when Defendant's Speedy Trial rights will expire. As such, the Court directs the parties to confer and present to the Court their understanding of the remaining number of

**ORDER ADDRESSING PENDING MOTIONS ~ 11**

days before Defendant's Speedy Trial rights expire.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss Second Superseding Indictment, ECF No. 149, is **DENIED**.

2. Defendant's Motion to Dismiss Indictment (Law of the Case), ECF No. 150, is **DENIED**, with leave to renew.

3. Defendant's Motion to Bifurcate Counts, ECF No. 151, is **GRANTED**.

4. Defendant's Motion to Dismiss Count 2 of Second Superseding Indictment, ECF No. 152, is **DENIED**.

5. Within **10 days** from the date of this Order, the parties are directed to meet and confer and notify the Court of their understanding of the remaining number of days before Defendant's Speedy Trial rights expire. The parties should set forth the justifications for the calculations.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order and forward copies to counsel.

**DATED** this 18th day of November 2019.



Stanley A. Bastian
United States District Judge

**ORDER ADDRESSING PENDING MOTIONS ~ 12**